IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STACIE L. ANDERSON                                                                                       PLAINTIFF

v.                                             No. 2:15-CV-02166

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                           DEFENDANT

## ORDER

The Court has received a report and recommendations (Doc. 17) from Chief United States Magistrate Judge Barry A. Bryant. The Court reviewed the report and recommendations and the timely objections (Doc. 18) filed by the Defendant. Plaintiff did not file a response to the objections. With respect to issues specifically raised by the objections, the Court has reviewed the decision of the Magistrate de novo. 28 U.S.C. § 636(b)(1). Upon due consideration, the Court finds that the Defendant's objections offer neither law nor fact requiring departure from the Magistrate's report and recommendations and that the Magistrate's report does not otherwise contain any clear error.

The Magistrate recommends this case be remanded to the Administrative Law Judge ("ALJ") on the fourth ground raised by Plaintiff—that the ALJ erred in evaluating her subjective complaints. (Doc. 17, pp. 5–7). Based on a finding that "the ALJ only considered Plaintiff's medical records and discounted her subjective complaints because they were not supported by her medical records" (Doc. 17, p. 7), the Magistrate recommends remand "only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints." (Doc. 17, p. 7 fn. 2). Defendant objects that the Magistrate's finding is not supported by the record, and argues that even if it were, remand is inappropriate here because substantial evidence supports the ALJ's credibility determination as to the extent of Plaintiff's subjective

complaints.

The ALJ's credibility determination occurred during step three of the disability analysis set out at 20 CFR § 404.1520(a)(4), during which the ALJ determined Plaintiff possesses the residual functional capacity ("RFC") to perform light work.  (Doc. 19, pp. 19–25).[1]  "When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors."  *Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998) (referencing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).  *Polaski* directs that:

> The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>    1. the claimant's daily activities;
>    2. the duration, frequency and intensity of the pain;
>    3. precipitating and aggravating factors;
>    4. dosage, effectiveness and side effects of medication;
>    5. functional restrictions.

*Polaski*, 739 F.2d at 1322.  *Polaski* admonishes that "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them."  *Id*.

Here, the ALJ made an express credibility determination, finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [chronic pain and mental impairments, including memory loss] are not entirely credible."  (Doc. 19, p 20).  However, the only reasons detailed in support of the ALJ's credibility determination consisted of observations by treating and examining physicians—that is, of objective medical evidence.  It is

---

[1] The administrative record is numbered out of order on the docket.  Citations are to CM/ECF pagination.

possible that the ALJ relied on more than just a lack of support for Plaintiff's claims in the objective medical evidence in disregarding those claims, but if so the ALJ failed to identify those reasons. Contrary to Defendant's argument, the ALJ did not find that "Plaintiff pursued very little treatment from 2007 until 2011." (Doc. 18, p. 2). Rather, the ALJ noted that Plaintiff provided little or no evidence of attempts to obtain follow up treatment as an introduction to analyzing medical opinions of those physicians Plaintiff did see. (Doc. 19, pp. 20, 22). Additionally, the ALJ mentioned Plaintiff's other life activities in passing while conducting step three of the analysis and finding that Plaintiff did not have a listed disability. But these perfunctory statements are an insufficient basis for the Court to agree that in making a credibility determination while trying to determine Plaintiff's RFC, the ALJ relied on those life activities or found that Plaintiff in fact did not seek follow up treatment. *See e.g.*, *Miller v. Sullivan*, 953 F.2d 417, 421 (8th Cir. 1992) ("not only must [the claimant's] claims lack support in the medical record—they must also be inconsistent with the record as a whole" (quotation omitted)). *Baker* requires more of an ALJ who makes a credibility determination, and *Polaski* provides a guide for supporting that determination. On remand the ALJ should identify any reasons other than the reports of the various examinations for discounting Plaintiff's subjective complaints, and may reconsider the issue of Plaintiff's credibility if warranted by the record.

   IT IS THEREFORE ORDERED that the report and recommendations (Doc. 17) should be, and hereby are, approved and ADOPTED as this Court's findings in all respects.

   Judgment will be entered accordingly.

   IT IS SO ORDERED this 20th day of September, 2016.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

3