IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STACIE L. ANDERSON                                                                                              PLAINTIFF

vs.                                               Civil No. 2:15-cv-02166

CAROLYN W. COLVIN                                                                                          DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 23.  Defendant has responded to this Motion and has raised no objection to this Motion.  ECF No. 25.  This Motion is now ripe for consideration.

**1.      Background:**

On August 25, 2015, Stacie L. Anderson ("Plaintiff") appealed to the Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On November 28, 2016, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 20-21.

On November 28, 2016, Plaintiff filed her Motion for Attorney's Fees.  ECF No. 23.  With this Motion, Plaintiff requests an award of attorney's fees of $4,380.20.  *Id.*  This amount represents 21.80 hours of attorney work at an hourly rate of $187.00 for 2015 and $188.00 for 2016 in addition to 4.00 hours of paralegal work at an hourly rate of $75.00.  *Id.*  Defendant has responded to this Motion and has raised no objections to it.  ECF No. 25.

**2.      Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was

Case 2:15-cv-02166-PKH   Document 26   Filed 12/13/16   Page 2 of 4 PageID #: 528

substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there

2

has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3.   **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 20-21. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 25. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,380.20. ECF No. 23. This amount represents 18.20 attorney hours for work performed in 2015 at an hourly rate of $187.00, 3.60 attorney hours for work performed in 2016 at an hourly rate of $188.00, and 4.00 paralegal hours at an hourly rate of $75.00. *Id.* These attorney hourly rates are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the Court finds the CPI-South Index authorizes $187.00 for 2015 and $188.00 for 2016. Thus, the Court awards those hourly rates.

Further, Plaintiff has requested 18.20 attorney hours for work performed in 2015 and 3.60 attorney hours for work performed in 2016. ECF No. 23. Defendant has raised no objections to these requested hours. ECF No. 25. Having reviewed Plaintiff's itemized bill, the Court finds it is reasonable and should be granted. Thus, the Court finds those fees are reasonable and awards the amount Plaintiff requested for attorney's fees. Further, Defendant has no objections to Plaintiff's requested paralegal hours and paralegal rate. ECF No. 25. Thus, the Court also awards that amount.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 25. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id.* 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$4,380.20**. This amount represents 18.20 attorney hours for work performed in 2015 at an hourly rate of $187.00, 3.60 attorney hours for work performed in 2016 at an hourly rate of $188.00, and 4.00 paralegal hours at an hourly rate of $75.00.

**ENTERED this 13th day of December, 2016.**

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE